# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## MAY 1998 SESSION

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 02C01-9708-CC-00335 |
| Appellee, | ) | |
| | ) | GIBSON COUNTY |
| VS. | ) | |
| | ) | HON. DICK JERMAN, JR., |
| ALONZO GENTRY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Certified Question of Law) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**CHARLES S. KELLY**
802 Troy Ave.
P.O. Box 507
Dyersburg, TN 38025

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH T. RYAN**
Asst. Attorney General
425 Fifth Ave., North
Cordell Hull Bldg., Second Fl.
Nashville, TN 37243-0493

**TOM CRIDER**
District Attorney General

**BRIAN FULLER**
Asst. District Attorney General
110 South College St.
Suite 200
Trenton, TN 38382

OPINION FILED:_____

**REMANDED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was indicted on May 19, 1997, on charges of possession with intent to sell or deliver more than .5 grams of cocaine, evading arrest, and public intoxication.  The defendant pled guilty to the first two indicted offenses and was sentenced as a Range I standard offender to eight years on the possession conviction and to eleven months, twenty-nine days on the evading arrest conviction.  The sentences are to be served concurrently.  Prior to pleading guilty, the defendant reserved a certified question regarding the validity of the stop and pat-down search of his outer clothing. After a review of the record and applicable law, we remand this case to the trial court for findings of fact.

A hearing on the defendant's motion to suppress was held on July 24, 1997. Guy Steven Howell, a patrolman with the Trenton Police Department, testified that he had been on his routine patrol when he noticed the defendant walking along the side of the street.  He said that the defendant had been unsteady on his feet and had looked away from the patrol car as he drove by.  He further stated that the defendant's behavior had been evasive and "sort of paranoid."  Howell drove his car around the block and then again started to drive by the defendant.  At this point, Howell decided to stop the defendant because he suspected that the defendant was under the influence of an intoxicant.

Howell approached the defendant and asked him to perform some field sobriety tests.  He testified that he had not felt any concern for his safety when he had first approached the defendant. However, as the defendant performed the field sobriety

2

tests, he kept putting his hand in his right coat pocket. Howell testified that at this point he had become concerned for his safety and had decided to perform a pat-down of the defendant in order to check for weapons. He said he told the defendant, "this is a field interview of your outer clothing frisk for weapons." As he was doing the pat-down, he felt a cylinder shaped object in the defendant's right coat pocket. Howell testified that he then grabbed the top of the pocket so that the defendant could no longer reach inside. Howell said that at this point, the defendant had struck him in the arm and broken away. A foot chase ensued and as the defendant was running, Howell saw him throw a medicine bottle. Howell watched the bottle hit the ground and after subduing the defendant, retrieved the bottle. Upon inspecting the bottle, Howell discovered approximately eighteen to twenty individual rocks of cocaine. He then placed the defendant under arrest.

The defendant's testimony, however, told a different story. The defendant testified that he had been walking toward his house on Batchelor Street when Officer Howell stopped him. He said he had been headed home from a friend's house and had not been under the influence of any intoxicants. He stated that he had seen the patrol car and had made eye contact with Officer Howell. He further stated that he had been looking over his shoulder at a dog, and not Howell.

The defendant testified that the officer had approached him and said, "You're not from around here, are you?" When the defendant said that he was not, Officer Howell said, "I think you're drunk or something like that." The defendant said that he had told the officer he had not had anything to drink but did agree to perform some field sobriety tests. The defendant stated that he had passed the tests and that after the tests, he had allowed the officer to perform a search of his outer clothing. During this

3

time, the officer told the defendant that he would have to go to jail for public intoxication. Because the defendant had not wanted to go to jail, he decided to run. The officer then gave chase and eventually arrested the defendant in a nearby field.

On cross-examination, the defendant testified that he had not put his hands in his coat pocket nor had Officer Howell grabbed the top of his pocket. He further testified that he had not attempted to reach for the officer's gun.

Following this testimony, the trial court ruled from the bench and concluded, "After hearing all the proof in this matter I feel that the officer was justified in making the stop and that his actions were under the law legal." Thus, the motion to suppress was denied.

The findings of a trial judge on factual issues in a suppression hearing will be upheld unless the evidence preponderates otherwise. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). In this case, the trial court failed to perform its affirmative duty and state the essential findings on the record. See Tenn. R. Crim. P. 12(e). Therefore, we remand this cause to the trial judge so that he can state on the record the factual findings that support his legal conclusions. It is the function of the trial court, not this Court, to judge the credibility of the witnesses, to weigh the evidence, and to resolve factual issues. See State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). Thus, the order of the trial court denying the motion to suppress is vacated and this case is remanded for the trial court to make specific factual findings. A second hearing is not required. Either the State or the defendant may then pursue an appeal as of right.

_____
JOHN H. PEAY, Judge

4

CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
THOMAS T. WOODALL, Judge